UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA    )<br>                                                      )<br>V.                                                 )<br>                                                      )    CRIMINAL NO. 04-10336-NMG<br>LUIS SANCHEZ,                            )<br>            Defendant                     )<br>                                                      )<br>                                                      ) | |

**Luis Sanchez' Opposition to Government's Motion in Limine**
**Regarding Voice Identification**

Now comes the Defendant, Luis Sanchez, by and through his counsel, and hereby opposes the government's motion *in limine* to introduce the testimony of Task Force Agent Marcos Chavez to identify the defendant's voice as the voice that appears on recorded conversations pursuant to T-III court-ordered electronic intercepts during the course of the investigation.

In its pleading, the government advises that TFA Chavez identified the defendant's voice as a result of observing the defendant after he was arrested, while he was being "booked." See Govt Motion at 5 ("Chavez heard the voices of each defendant booked concurrently with seeing them in person."). Under the totality of the circumstances, the identification of the defendant's voice under these circumstances was impermissibly suggestive and unreliable. See Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); Neil v. Biggers, 409 U.S. 188, 196-98, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); United States v. Panico, 435 F.3d 47, 49 (1st Cir.2006) ("It is not enough to bar an identification, either of voices or of faces, that the procedures were 'suggestive'; it must *also* be shown that, under the 'totality of the circumstances,' the

1

identification was 'unreliable.'") (emphasis in original); <u>United States v. Gilbert</u>, 181 F.3d 152, 163 (1st Cir.1999). The identification procedure employed in this case—observing the defendant after his arrest, while in custody and being booked—created a "very substantial likelihood of irreparable misidentification" and, therefore, the voice identification at booking and any proposed in-court voice identification by TFA Chavez should be excluded on due process grounds. See <u>Panico</u>, 435 F.3d at 48; <u>United States v. Henderson</u>, 320 F.3d 92, 100 (1st Cir.2003).

### Request for Evidentiary Hearing

The defendant respectfully requests an evidentiary hearing to determine what additional suggestive circumstances, if any, attended the identification made during the booking process. See <u>Simmons v. United States</u>, 390 U.S. 377, 384, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968) (noting that each case must be considered on its own facts).

Luis Sanchez,
By his attorney,

**/s/ Robert M. Goldstein**
Robert M. Goldstein
Mass Bar No. 630584
20 Park Plaza, Suite 903
Boston, MA  02116
(617) 742-9015

Dated: September 25, 2006

### CERTIFICATE OF SERVICE

I, Robert M. Goldstein, hereby state that a true copy of the foregoing document has been served via the electronic filing upon all registered parties, including Assistant U.S. William Bloomer, on this date, September 25, 2006.

**/s/ Robert M. Goldstein**
Robert M. Goldstein